IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | | |
|---|---|---|
| STEPHEN MATTHEW HOPKINS and JULIE R. HOPKINS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:19-cv-00059 |
| ANTHONY "TONY" NICHOLS, *in his individual and official capacity,* SHERIFF WILLIAM "BILLY" LAMB, *in his individual and official capacity*, | ) ) ) ) ) | District Judge Campbell / Magistrate Judge Holmes<br><br>JURY DEMAND |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, Anthony "Tony" Nichols, in his individual capacity and official capacity, and Sheriff William "Billy" Lamb, in his individual and official capacity, hereby respond to the First Amended Complaint filed against them in the above-captioned cause of action as follows:

### PRELIMINARY STATEMENT

1. Paragraph 1 does not contain any factual allegations requiring a response from Defendants.

### JURISDICTION

2. Defendants admit that jurisdiction is appropriate as it pertains to Defendants.

## VENUE

3. Defendants admit that venue is also appropriate as it pertains to Defendants.

## PARTIES

4. Upon information and belief, Defendants admit the allegations contained within paragraph 4.

5. Defendants admit the allegations contained within the first sentence in paragraph 5. The remaining allegations do not contain factual allegations requiring a response from Defendants.

6. Defendants admit the allegations contained within the first sentence in paragraph 6. The remaining allegations do not contain factual allegations requiring a response from Defendants.

## FACTS

7. Defendants admit that Mr. Hopkins and his wife purchased a farm in Marshall County, Tennessee. However, Defendants currently lack sufficient information or knowledge to admit or deny the remaining allegations contained within paragraph 7.

8. Defendants lack sufficient information or knowledge to admit or deny the allegations contained within paragraph 8.

9. Defendants admit the allegations contained within paragraph 9.

10. Defendants admit that Det. Nichols and Dr. Johnson went to the Hopkins' residence unannounced. However, Defendants currently lack sufficient information or knowledge to admit or deny whether a "No trespassing" sign was visible upon entry to the property.

11.     Defendants admit that no search warrant was obtained. However, the remaining allegations contained within paragraph 11 are denied.

12.     Defendants admit the allegations contained within paragraph 12.

13.     Defendants admit that Mr. Hopkins' wife, Julie Hopkins, opened the door. However, Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained within paragraph 13.

14.     Defendants admit that Mrs. Hopkins was informed of the dead cow on the property. The remaining allegations contained within paragraph 14 are denied.

15.     Defendants deny the allegations contained within paragraph 15.

16.     Defendants admit that Mrs. Hopkins contacted Mr. Hopkins on the phone, however, Defendants deny the remaining allegations contained within paragraph 16.

17.     Upon information and belief, Defendants admit that Mrs. Hopkins was instructed to show Det. Nichols and Dr. Johnsons the property. However, Defendants lack sufficient and knowledge to admit or deny any remaining allegations contained within paragraph 17.

18.     Defendants admit that Mrs. Hopkins led them to the herd of cattle. However, Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained within paragraph 18.

19.     Defendants currently lack sufficient information or knowledge to admit or deny how the Plaintiffs acquired the cattle at issue. Defendants admit that many of the cattle had visible ribs and spines but deny that it was likely the result of genetics and age.

20.     Defendants admit the allegations contained within paragraph 20.

21.     Defendants admit the allegations contained within paragraph 21.

22. Defendants lack sufficient information or knowledge to admit or deny the allegations contained within paragraph 22.

23. Defendants deny the allegations contained within paragraph 23.

24. Upon information and knowledge, Defendants deny the allegations contained within the first sentence of paragraph 24. Also upon information and belief, Defendants admit that one herd was in an area with an automatic watering trough.

25. Defendants admit that Det. Nichols made contact with Mr. Hopkins before a veterinarian visited the farm. However, Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained within paragraph 25.

26. Defendants admit the allegations contained within paragraph 26.

27. Defendants admit that Det. Nichols did drive upon the Plaintiffs' driveway. However, the remaining allegations contained within paragraph 27 are denied.

28. Defendants deny the allegations contained within paragraph 28.

29. Defendants admit that Det. Nichols inquired about three cattle in a catch area, but deny the remaining allegations contained within the first sentence. The remaining allegations contained within paragraph 29 are admitted.

30. Defendants deny the allegations contained within paragraph 30.

31. Defendants deny the allegations contained within paragraph 31.

32. Defendants deny the allegations contained within paragraph 32.

33. Defendants admit the allegations contained within paragraph 33.

34. Defendants lack sufficient information or knowledge to admit or deny the allegations contained within paragraph 34.

35. Defendants admit the allegations contained within paragraph 35.

36. Defendants admit the allegations contained within paragraph 36.

37. Defendants admit that Det. Nichols contacted Mr. Hopkins and informed him that they wanted to go back to the property. Mr. Hopkins agreed to the access. Any other allegations contained within paragraph 37 are denied.

38. Defendants deny that they entered Mr. Hopkins property without consent, however, the remaining allegations contained within paragraph 38 are admitted.

39. Defendants deny that Sheriff Lamb arrived at the residence as alleged, however the remaining allegations contained within paragraph 39 are admitted.

40. Defendants deny the allegations contained within the first two sentences of paragraph 40. However, Defendants admit the remaining allegations contained within paragraph 40.

41. Defendants deny the allegations contained within paragraph 41.

42. Defendants admit that Plaintiffs' cattle were taken into custody without a warrant. The remainder of paragraph 42 contains a question of law, not fact, requiring no response from Defendants.

43. Defendants admit the allegations contained within paragraph 43.

44. Defendants deny the allegations contained within paragraph 44.

45. Defendants deny the allegations contained within paragraph 45.

46. Defendants deny the allegations contained within paragraph 46 as alleged.

47. Defendants deny the allegations contained within paragraph 47 as alleged.

48. Paragraph 48 contains a question of law, not fact, requiring no response from Defendants.

49. Paragraph 49 contains a question of law, not fact, requiring no response from Defendants.

50. Defendants admit the allegations contained within paragraph 50.

51. Defendants admit the allegations contained within paragraph 51.

52. Paragraph 52 contains a question of law, not fact, requiring no response from Defendants.

53. Defendants admit the allegations contained within paragraph 53.

54. Defendants deny the allegations contained within paragraph 54.

55. Defendants lack sufficient information or knowledge to admit or deny the allegations contained within paragraph 55.

56. Defendants admit the allegations contained within paragraph 56.

57. Defendants admit the allegations contained within paragraph 57.

58. Defendants admit the allegations contained within paragraph 58.

59. Defendants deny the allegations contained within paragraph 59.

60. Defendants admit the allegations contained within paragraph 60.

61. Defendants admit the allegations contained within paragraph 61.

62. Defendants deny the allegations contained within paragraph 62.

63. Defendants deny the allegations contained within paragraph 63.

64. Defendants deny the allegations contained within paragraph 64.

65. Defendants deny the allegations contained within paragraph 65.

## FIRST CLAIM FOR RELIEF

### Violation of the Fifth and Fourteenth Amendment Right to Procedural Due Process
### (42 U.S.C. § 1983)

66. Defendants hereby incorporate their previous responses to paragraphs 1-65.

67. Paragraph 67 contains a question of law, not fact, requiring no response from Defendants.

68. Paragraph 68 contains a question of law, not fact, requiring no response from Defendants.

69. Defendants deny the allegations contained within paragraph 69.

70. Paragraph 70 contains a question of law, not fact, requiring no response from Defendants.

71. Paragraph 71 contains a question of law, not fact, requiring no response from Defendants.

72. Paragraph 72 contains a question of law, not fact, requiring no response from Defendants.

73. Paragraph 73 contains a question of law, not fact, requiring no response from Defendants.

74. Defendants deny the allegations contained within paragraph 74.

75. Defendants admit that the cattle were sold and a portion of the upkeep was paid by the plaintiffs. However, the remaining allegations contained within paragraph 75 are denied as stated.

76. Defendants deny the allegations contained within paragraph 76.

77. Defendants deny the allegations contained within paragraph 77.

78. Defendants deny the allegations contained within paragraph 78.

79. Defendants admit the allegations contained within paragraph 79.

80. Defendants deny the allegations contained within paragraph 80.

81. Paragraph 81 contains a question of law, not fact, requiring no response from Defendants.

82. Defendants deny the allegations contained within paragraph 82.

83. Defendants deny the allegations contained within paragraph 83.

## SECOND CLAIM FOR RELIEF

### Violation of the Fourth Amendment – Unlawful Search and Seizure
### (42 U.S. C. § 1983)
### (Defendants Nichols and Lamb only)

84. Defendants hereby incorporate their previous responses to paragraphs 1-83.

85. Paragraph 85 contains a question of law, not fact, requiring no response from Defendants.

86. Defendants admit the allegations contained within paragraph 86.

87. Defendants deny the allegations contained within paragraph 87.

88. Defendants deny the allegations contained within paragraph 88.

89. Defendants deny the allegations contained within paragraph 89.

90. Paragraph 90 contains a question of law, not fact, requiring no response from Defendants.

91. Defendants deny the allegations contained within paragraph 91.

92. Defendants deny the allegations contained within paragraph 92.

93. Defendants deny the allegations contained within paragraph 93.

94. Defendants admit that Det. Nichols did inform Mr. Hopkins that is was an open investigation. However, the remaining allegations contained within paragraph 94 are denied.

95. Defendants deny the allegations contained within paragraph 95.

96. Defendants deny the allegations contained within paragraph 96.

97. Defendants deny the allegations contained within paragraph 97.

98. Defendants deny the allegations contained within paragraph 99.

99. Defendants deny the allegations contained within paragraph 99.

100. Defendants deny the allegations contained within paragraph 100.

101. Defendants deny the allegations contained within paragraph 101.

## THIRD CLAIM FOR RELIEF

### Violation of the Fifth Amendment's Takings Clause
### (42 U.S. C. § 1983)

102. Defendants hereby incorporate their previous responses to paragraphs 1-101.

103. Paragraph 103 contains a question of law, not fact, requiring no response from Defendants.

104. Defendants deny the allegations contained within paragraph 104.

105. Defendants deny the allegations contained within paragraph 105.

106. Defendants deny the allegations contained within paragraph 106.

## REQUEST FOR RELIEF

1. Defendants deny that plaintiffs are entitled to any of the relief requested in their prayer for relief.

## AFFIRMATIVE DEFENSES

1. The First Amended Complaint fails to state a claim against Defendants for which relief can be granted.

2. To the extent Plaintiffs have properly stated a cause of action under 42 U.S.C. § 1983, Defendants are entitled to qualified immunity and/or absolute immunity from money damages.

3. Defendants aver that no action or inaction on their part deprived Plaintiffs of any interest protected by the Federal Constitution, the Constitution of the State of Tennessee, or any other applicable federal or state statute or law.

4. Defendants aver that the incident which is the basis of this lawsuit is the result of the actions of Plaintiffs. Plaintiffs' actions are the sole and proximate cause of the incidents described in the First Amended Complaint and of any damages alleged to have been suffered by Plaintiffs.

5. In the alternative, if the Court finds Defendants violated any right of Plaintiffs, the right was not clearly established under the circumstances at issue in this case.

6. Defendants request that they be awarded attorney's fees as well as costs and expenses pursuant to the provisions of 42 U.S.C. § 1988 and as otherwise provided by law.

7. Defendants specifically request a jury of twelve (12) try those issues which are properly tried by a jury.

8. Defendants specifically reserve the right to amend this pleading and plead further based upon the facts that become available during the discovery process.

Having answered the First Amended Complaint and asserted their affirmative defenses, Defendants pray that the complaint be dismissed with the costs taxed to Plaintiffs.

Respectfully submitted,

*/s/ Robyn Beale Williams*
Robyn Beale Williams (BPR #19736)
**FARRAR & BATES, LLP**
211 Seventh Avenue North, Suite 500
Nashville, TN 37219
(615) 254-3060
(615) 254-9835 Facsimile
robyn.williams@farrar-bates.com
*Counsel for Defendants Nichols, Lamb, and Jackson*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 23rd day of July, 2020, a true and correct copy of the foregoing **Answer to First Amended Complaint on Behalf of Defendants Nichols and Lamb** has been forwarded via electronic filing to:

Frank R. Brazil, BPR #24586
Wesley Clark, BPR #32611
**BRAZIL CLARK, PLLC**
2706 Larmon Avenue
Nashville, TN 37204
Phone: 615-730-8619
Fax: 615-514-9674
wesley@brazilclark.com
frank@brazilclark.com
*Counsel for Plaintiffs*

*/s/ Robyn Beale Williams*
Robyn Beale Williams