IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| STEPHEN MATTHEW HOPKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 1:19-cv-00059 |
| | ) | |
| ANTHONY "TONY" NICHOLS, et al., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court is Plaintiffs' Amended Motion for Pre and Post Judgment Interest (Doc. No. 244), and Defendants' response (Doc. No. 250). Plaintiffs also filed a supplement to the motion to provide the calculation on the amount of post-judgment interest. (Doc. No. 267). For the reasons discussed below, the Court will **GRANT** Plaintiffs' motion as to the requested pre-judgment interest on their award of attorney's fees and costs and will **DENY** the motion as to the requested pre-judgment interest on compensatory and punitive damages. Further, because Defendants do not respond to Plaintiffs' request for post-judgment interest or the supplement thereto, the Court will **GRANT** Plaintiffs' motion for post-judgment interest as unopposed. (*See* Doc. No. 250).

A federal court hearing a federal claim, as in the present case, should apply federal common law rules when awarding pre-judgment interest. *See In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 497 (6th Cir. 2013). Where the statute does not mandate the award of pre-judgment interest, such as 42 U.S.C. § 1983, the district court may do so at its discretion in accordance with general equitable principles. *See id.* at 495; *EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d

566, 579 (6th Cir. 1984) (the decision to award pre-judgment interest in Section 1983 cases is within the discretion of the trial court).

"The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss." *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 195 (1995); *see also In re ClassicStar*, 727 F.3d at 494–95 ("As a general matter, prejudgment interest is intended to make the plaintiff whole; it is an element of complete compensation.") (internal quotations omitted). As pre-judgment interest is compensatory in nature, it should not be awarded if it would result in the overcompensation of the plaintiff. *See In re ClassicStar*, 727 F.3d at 495. Additionally, awards of prejudgment interest are not punitive. *E.E.O.C. v. Kentucky State Police Dep't*, 80 F.3d 1086, 1097 (6th Cir. 1996). A proper determination of pre-judgment interest involves a consideration of various case-specific factors, including compensation for the time value of the lost money as well as for the effects of inflation. *Schumacher v. AK Steel Corp. Ret. Accumulation Pension Plan*, 711 F.3d 675, 686 (6th Cir. 2013).

Here, Plaintiffs request pre-judgment interest on the entirety of their judgment, including compensatory and punitive damages as well as the attorneys' fees and costs. (*See* Doc. No. 245).[1] Because punitive damages are punitive rather than compensatory, *State Farm Automobile Insur. Co. v. Campbell*, 538 U.S. 408, 419 (2003), the Court declines to award pre-judgment on Plaintiffs' award of punitive damages. On the other hand, the Court finds pre-judgment interest is appropriate on Plaintiffs' attorneys' fees and costs because Plaintiffs lost the time value of the money they paid out-of-pocket to fund the present litigation. *See Schumacher*, 711 F.3d at 686.

Whether to award pre-judgment interest on Plaintiffs' compensatory damages award of $375,001.00 is a closer call due to the general verdict form that was not broken down by

---

[1] Plaintiffs do not request prejudgment interest for their post-judgment litigation expense payments. (*Id*. at 7).

types/categories of compensatory damages. (*See* Doc. No. 236).² Defendants oppose pre-judgment interest on compensatory damages in this case on the basis that Plaintiffs were not deprived of the use of any money for non-economic damages included in that award. (Doc. No. 250 at 3-4 (citing *Umfress v. City of Memphis*, 2020 WL 12969188 (W.D. Tenn. Oct. 19, 2020)). The Court agrees that pre-judgment interest would not be appropriate on non-economic damages. Accordingly, the Court declines to award pre-judgment interest on Plaintiffs' award of compensatory damages. *See In re ClassicStar*, 727 F.3d at 495.

An appropriate order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

² Plaintiffs requested a verdict form that specifically broke out the type of compensatory damages. (*See* Doc. No. 180 at PageID # 1495).